# Johnson v. Linton.

## Breach of Covenant.

(Decided Dec. 16, 1909.   51 South. 32.)

1. *Appeal and Error; Questions Reviewable; Rulings on Evidence.* —Where the parties agreed, on the second trial, to submit the cause on the evidence had on the first trial, and to that end the steno-graphic report of the case showing the evidence, the exceptions and objections to the admission and exclusion of evidence, was received as the evidence, the court on appeal must treat the evidence as shown by the report introduced on the trial by agreement, and must treat the objections and exceptions as shown therein as waived.

2. *Covenants: Warranty; Breach; Judgment Against Covenantee.* Where the action was for breach of covenant of warranty in a deed, and the breach was based on the fact that a purchaser under judgment compelled plaintiff to yield possession of the land, and the evidence tended strongly to show that the action by the pur-chaser and the ouster were collusive against the defendant, who was not allowed to come in and defend it, thus rendering it void, the affirmative charge should not have been given for the plaintiff.

APPEAL from Montgomery City Court.

Heard before Hon. A. D. SAYRE.

Action by David Linton, for the use, etc., against Seth Johnson, for breach of covenant and warranty. From a judgment for plaintiff, defendant appeals. Re-versed and remanded.

The amended fourth count is as follows: "The plain-tiff claims of the defendant $1,500 damages for the breach of a covenant entered into by him in the state of Florida on, to wit, the 10th day of May, 1894, in sub-stance as follows: The defendant, at the date aforesaid, in consideration of the sum of $700 then and there paid to him by the plaintiff, bargained and sold to the plain-tiff a certain tract of land situated in the county of Jackson, state of Florida, and pursuant to such bargain and sale the defendant at the date aforesaid, in the state of Florida, executed and delivered to the plaintiff

[Johnson v. Linton.]

a deed of conveyance to the said lands, a copy of which deed is attached as 'Exhibit A' to the original complaint herein, and the same is made a part of this count; and plaintiff avers that pursuant to said sale and conveyance the defendant placed himself in possession of said lands, and plaintiff remained in such possession until he was evicted as hereinafter set forth. And plaintiff avers that, although he has complied with all the provisions of said contract on his part, the defendant has failed to comply with the following provisions, viz.: The defendant in and by the terms of said conveyance warranted the title to said lands, and covenanted to defend same against the lawful claims of all persons whomsoever; and plaintiff avers that after the execution and delivery of said conveyance as aforesaid, and whilst plaintiff was in possession of said lands under said conveyance, and prior to the 8th day of June, 1899, said lands were duly and lawfully sold upon a judgment or decree theretofore rendered by the circuit court of Jackson county, Florida, in equity, in a certain suit or proceeding, of which the said circuit court in equity has jurisdiction, instituted in said court by one A. D. McKinnon against Seth Johnson, the defendant herein, and others, including Seth Johnson as the administrator of the estate of P. P. Johnson, deceased, under appointment duly and lawfully made in the state of Florida, by a court or tribunal having jurisdiction thereof, in which suit the said Seth Johnson and the said Seth Johnson as administrator of the estate of the said P. P. Johnson, deceased, in said state of Florida, appeared by counsel and defended on the merits, to satisfy the said judgment or decree so obtained by the said A. D. McKinnon against the said Seth Johnson as such administrator, and at said sale of said land by the said sheriff one D. L. McKinnon became the purchaser of

said lands, and the purchaser received a proper deed of conveyance therefor from the said sheriff. And the plaintiff avers that the said lien created by the said execution and said sale by the said sheriff of the said lands operated and was a paramount and prior title to the right and title conveyed by the said defendant Seth Johnson to the plaintiff; and plaintiff avers that thereafter the said D. L. McKinnon, purchaser under said sheriff's deed, brought an action in the said circuit court of Jackson county, Florida, a court having jurisdiction thereof, against this plaintiff and said David Linton, to recover of them the possession of said lands so sold by the said Seth Johnson to the plaintiff, and which said action this plaintiff and said David Linton were fully summoned to defend, and on, to wit, the 9th day of June, 1899, the said D. L. McKinnon obtained the judgment of said court in said cause against the plaintiff herein and said David Linton for the possession of said lands, and in obedience to said judgment, which remains in full force and virtue, said David and Allen Linton were compelled to yield the possession of said lands to the said D. L. McKinnon, and did so yield such possession; and plaintiff avers that, although the said deed of conveyance, a copy of which is made 'Exhibit A' to this complaint as aforesaid, was made to David Linton as the grantee herein, plaintiff was in truth and fact the purchaser of said lands from the said Seth Johnson, and the party really interested therein, and thereafter, on, to wit, the 20th day of October, 1903, the said David Linton and his wife, Mary E. Linton, executed and delivered to the plaintiff herein an instrument in writing in and by which they did convey and quitclaim to plaintiff all their right, title, and interest in said lands, and on, to wit, the 7th day of January, 1905, the said David Linton assigned to plaintiff any and all

right, title, interest, claim, and demand vested in him, the said David Linton, or which he might assert in law or equity by reason of the covenants, or any of them, contained in said deed of conveyance and the breach or breaches thereof. And plaintiff avers that the said P. P. Johnson was seised and possessed of said lands at the time of his death, which occurred prior to the rendition of said judgment or decree against said Seth Johnson as administrator of his estate, in the state of Florida, and that said execution was by the sheriff of said Jackson county, Florida, in whose hands it was placed, duly and lawfully levied upon said lands as the property of the estate of the said P. P. Johnson, deceased, and said lands were, pursuant to said levy, duly and regularly sold by said sheriff under the provisions of an existing statute of the state of Florida, contained in section 1918 of the Revised Statutes of the state of Florida in words and figures as follows, to wit: 'Real estate of a decedent shall be equally liable with personal property to levy and sale under an execution upon any judgment against the administrator or executor, or against the decedent.' "

C. H. ROQUEMORE, for appellant.—The amendment being a cause of action by David Linton for the use of Allen Linton, and the original suit being by Allen Linton individually, the amendment constituted a variance.—*Babcock v. Carter,* 117 Ala. 575. Count 4 as last amended contains two separate and distinct causes of action.—*Hall v. Cochran,* 28 Ala. 507; *Oakly v. The State,* 40 Ala. 372; *Phillips v. Hornsby,* 70 Ala. 414. The deficiency decree was null and void in Florida, and hence, had no valid or binding effect in this state. —Black on Judgments, (vol. 2, sec. 854-9); *Renaud v. Abbott,* 29 F. C. P. 629; *Mills v. Duryea,* 7 Cranch. 481;

[Johnson v. Linton.]

*Hanley v. Donoughue,* 29 L. C. P. 535; *Lehman, et al. v. Glenn,* 89 Ala. 626; 23 Cyc. 1292. The decree was also collusive.—23 Cyc. 1284; *Damson v. Cotton,* 26 Ala. 591. The main decree was also void and the Florida court so decided.—*Johnson v. McKinnon,* 45 South. 23. Power to render deficiency decrees for balance due is statutory.—*Hunt v. Lewin,* 4 S. & P. 128; *Pressly v. McLean,* 80 Ala. 309; *Teel v. Lewis,* 85 Ala. 218. The reversal of the McKinnon decree in Florida is a good defense to this action.—*Marks v. Cowles,* 61 Ala. 299; *Galpin v. Paige,* 18 Wall. 350; Freeman on Judgment, sec. 482-4; Rorer's Jud. Sales, sec. 63 to 68 and 138-9. David Linton was not a bona fide purchaser.—*Nunnally v. Barnes,* 139 Ala. 657; *Yeend v. Weeks,* 104 Ala. 331; *Coles v. Allen,* 64 Ala. 98.

TYSON, WILSON & MARTIN.—The court which rendered the deficiency decree was an equity court with original, exclusive jurisdiction in all equity cases.—Sec. 11, Const. Florida; *State v. Fla. C. R. R. Co.,* 15 Fla. 690; 25 Cyc. 681; 27 Cyc. 1517. Considered in any aspect, the court had jurisdiction, but considered in the light of a bill by a vendor, attention is called to the case of *Love v. Butler,* 129 Ala. 531, and *Stringfellow v. Ivey,* 73 Ala. 209. Whether rule 89 denied or granted the right to enter the decree in the Florida courts, it is omitted from the record and this court must apply the law of Alabama to the facts.—*Pete v. Hatcher,* 112 Ala. 514; *Varner v. Young,* 56 Ala. 260; *Donegan v. Wood,* 49 Ala. 242. Florida is not of common law origin with our state.—*Watford v. A. & F. L. Co.,* 44 South 567. Hence, the presumption is that the law of Alabama prevails. Under the Alabama law, the deficiency decree was properly rendered.—Sec. 3219, Code 1907; *Hastings v. Ala. Co.,* 124 Ala. 608; *Merrill v. Wetherly,* 120

Ala. 418; *Moore v. Alaxander,* 81 Ala. 509. The circuit court of Jackson county, Florida, had jurisdiction to render the deficiency decree.—Under equity rule 89.— *White v. Ewing,* 69 Fed. 451 and authorities there cited.—*Hatcher v. Hendree,* 133 Fed. 267; *Ober v. Gallagher,* 93 Ala. 199; *Kyle v. Bellenger,* 79 Ala. 516. The judgment cannot be attacked collaterally.—Authorities next above. There was no variance caused by the amendment.—*Am. Co. v. Dougherty,* 89 Ala. 191.

MAYFIELD, J.—The appellee sued appellant for a breach of covenant and warranty in a deed by the latter executed to the former, purporting to convey to appellee certain lands therein described. There was much pleading in the case, but it was all eliminated by the trial court (and in favor of appellant) except the fourth count as amended and the rulings thereon. (The reporter will set out the fourth count as amended.) It is alleged that the deed was executed, and the covenants were entered into, in the state of Florida, on the 10th day of May, 1904. A copy of a certain deed of that date is made an exhibit to and a part of each count of the complaint. The covenant as alleged is that appellant, in said "conveyance, warranted the title to said lands, and covenanted to defend the same against the lawful claims of all persons whomsoever." It is also alleged that plaintiff was placed in possession of the lands conveyed under said deed; that on the 8th day of June, 1899, the lands in question were sold under a judgment or decree rendered by the circuit court of Jackson county, Fla., in equity, in a suit by one A. D. McKinnon against Seth Johnson and others, including Seth Johnson as administrator of the estate of P. P. Johnson, deceased; that this court had jurisdiction; that the lands were sold under this judg-

ment or decree by the sheriff of Jackson county, and that D. L. McKinnon became the purchaser thereof and received a conveyance thereto; that the lien created by the execution and the sale of the lands was paramount and prior to the title conveyed by Seth Johnson to the plaintiff; that thereafter D. L. McKinnon brought an action in the circuit court of Jackson county against the plaintiff and David Linton to recover the lands so sold to the plaintiff, and that the said D. L. McKinnon, on the 9th day of June, 1899, obtained in said court a judgment in said cause against the plaintiff and said David Linton for the possession of said lands, which judgment is alleged to remain in full force and effect; and that plaintiff and David Linton were compelled to yield possession to said McKinnon. The count then alleges that although the deed, made exhibit to the count, was made to David Linton, plaintiff was in truth and in fact the purchaser of said lands from Seth Johnson, and was the party really interested; that on October 20, 1903, David Linton had executed and delivered to Plaintiff a quitclaim deed to the premises; and that on January 7, 1905, David Linton assigned to plaintiff any and all right, title, or interest and claim, which he had, by virtue of the covenants in said deed contained, or of the breaches thereof. The count then alleged that the title to said lands was in P. P. Johnson, defendant's intestate, and that the title passed under the execution sale above set forth.

There were two trials in the court below—the first judgment being set aside by the trial court. A stenographic report was made of the first trial, and this report, by agreement of parties, was introduced in evidence on the second trial. This report showed a great number of objections and exceptions by both parties.

to the admission and exclusion of evidence and to other rulings of the trial court, and many assignments of error on this appeal are based on rulings shown only by this stenographic report of the first trial. We find this statement in the bill of exceptions as to these rulings thus shown: "This cause had been tried at a former term of the court, and the verdict and judgment had been set aside by the court, and a new trial ordered. At that trial a stenographic report of the trial had been taken. When the cause came on for trial at the June call, to wit, July 6, 1907, the parties announced that they had agreed to submit the cause to the court on the evidence which had been taken at the first trial, and the stenographic report was offered in evidence, whereupon the court gave the general affirmative charge for plaintiff, as requested in writing. The exceptions to rulings on questions of evidence noted in the foregoing bill of exceptions had been reserved on the first trial, and are now reproduced. Nothing was said to the court about the exceptions reserved on questions of evidence at the first trial, nor did the court at this trial repeat these rulings, nor were they in any way brought to the court's attention."

In this court we cannot review these rulings on the former trial, and must treat the evidence, as shown by the report, as being introduced on this trial by agreement, but treat the objections thereto, made on the former trial, as being waived. The court gave the affirmative charge for plaintiff, and the trial, of course, resulted in a verdict and judgment for plaintiff. If this charge was proper, of course, all other questions raised are immaterial, and many of the assignments of error cannot be reviewed for the reason above set forth. We are of the opinion that the trial court erred in the giving of the affirmative charge for plaintiff. We do

not think that all the material averments of this count
were sufficiently proven to warrant the giving of this
charge.   Under all the evidence in this case, it was a
question for the jury to determine whether or not the
plaintiff acquired the title to the lands conveyed by
deed containing the covenants and warranties sued· on
in this case.   It was likewise a question for the jury
to determine whether or not there was a prior and par-
amount outstanding title to the lands conveyed, and
whether or not the plaintiff was compelled to yield to
it, and whether or not he did yield to it as alleged in
this count.   It was not indisputable or conclusively
shown that the judgments and sales set up in this
count were valid, as alleged, or that the court had ju-
risdiction to render the one, or to authorize the other,
as alleged.   We do not mean to decide what we would
hold, as to this, if proper objections had been made to
some of the evidence offered, nor do we pass upon the
question as to whether all parts of it were competent
or admissible  for the purposes for which offered; but
it is in the record, and, as it shows, was introduced on
the trial by agreement.   We only hold that, under all
the evidence, these material allegations were not prov-
en without conflict, so as to authorize the affirmative
charge.

We call attention to the following facts, without
passing on the effect thereof.:   The deed is alleged to
have been executed in Florida, and the covenants to
have been entered into in that state; and there is evi-
dence tending to show (if it does not conclusively
show) that the transactions alleged all occurred in
Alabama.   It is alleged that the purchaser at the exe-
cution sale brought suit against the plaintiff and Da-
vid Linton for the possession of the land, and obtained
a judgment therefor, and that in obedience to this

judgment plaintiff was compelled to yield the possession of said lands to the plaintiff in that suit. .We do not think this judgment or ouster is sufficiently shown as alleged. The evidence strongly tends to show that this action and ouster were collusive, and therefore void as against this defendant. It certainly tends to show that plaintiff could have, and ought to have, successfully defended this suit, but that, instead, he invited and courted it, and would not allow the defendant to defend it. As to the counts which set up breaches of covenants against encumbrances, seisin, etc., it is unnecessary for us to decide, because they were eliminated from the complaint before judgment.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON and MCCLELLAN, JJ,. concur.